Philip YOUNG, Plaintiff—Appellant,

v.

CITY OF SIMI VALLEY, a Municipal Corporation, Defendant—Appellee.

No. 02–55860.
D.C. No. CV–94–08305–WJR–2.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2003.

Decided May 22, 2003.

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM *

Phillip Young appeals the district court's grant of Simi Valley's motion for partial summary judgment and entrance of a final judgment awarding Young one dollar in nominal damages. We have jurisdiction pursuant to 28 U.S.C. § 1291, and reverse and remand for further proceedings.

In *Young v. Simi Valley*, 216 F.3d 807 (9th Cir.2000), this court held that Simi Valley Ordinance No. 796 was unconstitutional because it allowed a sensitive use establishment to effectively veto an adult use at any point in the permit application process. On remand, the district court granted Simi Valley's motion for partial summary judgment and found that Young

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

was entitled to only nominal damages because the sensitive use veto provision had not been the actual cause of his damages.[1] The district court then entered a final judgment in his favor, concluding that Young's other claims had either been waived or resolved during the litigation.

Young now argues that the district court erred in entering a final judgment for nominal damages because he preserved other claims which remain to be litigated. He argues in particular that he is entitled to litigate his claims that the definition of "youth oriented" business in the ordinance was unconstitutionally vague and that the number of simultaneously available adult sites allowed in the ordinance provided insufficient alternative avenues of communication under *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986).

We agree. We find that the district court erred in concluding that it had properly disposed of all the relevant claims in Young's action. Young did not waive his claim that the ordinance's definition of "youth-oriented" business was unconstitutionally vague. This claim was contained in his amended complaint and in the pretrial conference order. It was also litigated at the trial that was ultimately declared a mistrial. Because this claim was present throughout the litigation, the district court erred in finding that it had been abandoned. *See Lovell v. Chandler*, 303 F.3d 1039, 1049–1050 (9th Cir.2002) (finding that the district court correctly concluded that claims had been abandoned by the plaintiffs because they were not contained in any "pre-trial statements" and were not the subject of any "subsequent proceedings or motions.").

Young is also entitled to litigate the issue whether the four simultaneously

available sites for adult uses in the Simi Valley ordinance provided sufficient alternative avenues of communication. Simi Valley argues that this claim was resolved by this court in *Young*, 216 F.3d at 814. This is a misreading of our opinion. In *Young*, we simply concluded that on the available facts in the record we could not find that the number of sites available was insufficient. *Young*, 216 F.3d at 814. We sent the issue back to the district court to be resolved.

Accordingly, we reverse the district court's entrance of final judgment and grant of nominal damages to Young. We remand to the district court for further proceedings in accordance with this disposition.

REVERSED AND REMANDED.

---

1. Young's permit was also invalidated by the presence of a karate school which had been established prior to Young's application.